UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NHIA KAO VANG, et al., | No. 2:12-cv-01226-MCE-EFB |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| STEVEN DECKER, et al., | |
| Defendants. | |

Through this action, Plaintiffs Nhia Kao Vang, Chao Xiong, David Vang, Chong Yang, Chue Hue Vang, and Pang Her (collectively, "Plaintiffs") allege violations of federal law arising out of the 2007 criminal investigation and prosecution of Plaintiffs Chue Hue Vang, Nhia Kao Vang, and David Vang (collectively, "the Vang Plaintiffs") for an alleged plot to obtain military weapons to overthrow the government of Laos. Plaintiffs allege violations of the First, Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971). Plaintiffs also allege various state law tort claims, including malicious prosecution, wrongful arrest, wrongful imprisonment and intentional infliction of emotional distress. (ECF No. 23.)

///

///

1

On October 25, 2012, Plaintiffs filed the instant motion, requesting the Court's permission to serve Defendant Steven Decker by publication pursuant to Federal Rule of Civil Procedure 4(e)[1] and requesting an extension of time to complete Defendant Decker's service pursuant to Rule 4(m).  (ECF No. 22.)  Defendants did not oppose the motion.  For the reasons set forth below, Plaintiffs' motion is DENIED.[2]

**BACKGROUND**

General Background[3]

Plaintiffs are three Hmong couples residing in West Sacramento and Fresno, California, who were involved in efforts to bring about peaceful solution to the Hmong genocide in Laos.  Plaintiffs attended several meetings with Defendant Steven Decker in early 2007.  Although these meetings involved discussions about providing the Hmong people in Laos with weapons, Plaintiffs believed the meetings were aimed to help the Hmong people escape Laos, and that the United States government supported this effort.  Plaintiffs contend that at no point did they intend to plan a coup of the Laotian government, nor was such a plan ever discussed.

Criminal Complaint[4]

As a result of Plaintiffs' meetings with Defendant Decker, a criminal complaint was filed before this Court on June 4, 2007, charging the Vang Plaintiffs, among others, with conspiracy to violate the Neutrality Act and conspiracy to receive and possess missiles, among other things.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(g).

[3] The following facts are taken from Plaintiffs' Complaint (ECF No. 2) which the Court dismissed on October 17, 2012 (ECF No. 17).

[4] The facts regarding the criminal case against the Vang Plaintiffs are taken from reference to the docket in that case unless otherwise stated.  (ECF No. 10-1).

Plaintiffs allege that Defendant Decker intentionally deceived the grand jury, as Defendant Decker knew that the Vang Plaintiffs did not have any criminal intent to enter into an illegal conspiracy to overthrow the Laotian government or to possess military equipment unlawfully.  (ECF No. 2 at 10.)

On June 14, 2007, the Vang Plaintiffs were charged with numerous counts arising from the alleged conspiracy to overthrow the government of Laos.  On March 9, 2009, the Vang Plaintiffs, among others, filed a Motion to Dismiss for Outrageous Government Conduct.  Plaintiffs alleged that both the undercover agents and the prosecutors engaged in misconduct throughout the prosecution and the underlying investigation. (ECF No. 10-3.)  The Court denied the motion on May 11, 2009, but provided that Plaintiffs could renew the motion after further discovery.

Ultimately, a Second Superseding Indictment was returned on June 24, 2010. Plaintiffs filed numerous motions to dismiss, including a renewed Motion to Dismiss for Outrageous Government Conduct.  On November 12, 2010, the Court granted in part and denied in part Plaintiffs' motion to dismiss.  The Court dismissed Counts Four and Five, on the grounds that the Second Superseding Indictment "fail[ed] to put each defendant on notice of the nature of charges against him in order to allow him to prepare a defense or to ensure he is being prosecuted on the basis of the facts presented to the grand jury" and "fail[ed] to apprise each defendant of the specific conduct he engaged in the allegedly violates the [Neutrality] Act."  (ECF No. 10-6.)  Subsequently, on January 10, 2011, the government moved to dismiss all charges against the Vang Plaintiffs "in the interests of justice."  (ECF No. 10-8.)  The Court granted the motion that same day.

<u>Attempted Service of Summons and Complaint on Defendant Decker</u>[5]

Herman Franck, counsel for Plaintiffs, attempted service on Defendant Decker at the Alcohol, Tobacco, Firearms and Explosives ("ATF") San Francisco Field Division.

///

---

[5] The following facts are taken from the Declaration of Herman Franck in support of Plaintiffs' Motion for Request for Order Permitting Service of Summons and Complaint by Publication as to Defendant Steven Decker.  (ECF No. 24.)

3

An unnamed individual at that office confirmed that Defendant Decker had previously worked there, but is now a "roving undercover agent" and thus was no longer at that office. Franck was not permitted to go into the ATF office, but instead remained in the downstairs lobby and used a phone connected to the ATF office. He spoke with several individuals there, who did not identify themselves. One of the individuals Franck spoke with stated that while Defendant Decker was previously assigned to that particular office, she was not authorized to accept service on Defendant Decker's behalf. That individual gave Franck the phone number for ATF Washington, D.C. Human Resources Department, and recommended that Franck speak with that office to obtain information about Defendant Decker's location.

When Franck called the ATF Washington, D.C. Human Resources number, he spoke with an unidentified woman. This individual also informed Franck that Defendant Decker is a roving undercover agent and is not assigned to a particular field office. She further stated that she had no address at which to serve Defendant Decker. Finally, she stated that the Washington, D.C. office could not accept service on behalf of Defendant Decker.

Franck then spoke again with the ATF officials at the San Francisco Field Office. These unidentified officials stated that they would send Defendant Decker an email with Franck's contact information, and information regarding Franck's attempted service. Franck states that "[t]his may or may not have happened." Defendant Decker has not, as of October 25, 2012, contacted Franck's office.

Franck also requested the cooperation of United States Attorney Juan D. Walker, who represents Defendants B. Todd Jones and the United States in this matter, to accept service of process on behalf of Defendant Decker. Walker has not yet agreed to accept service on behalf of Defendant Decker.

Thus, Plaintiffs have not yet served Defendant Decker.

///

///

**STANDARD**

Under Federal Rule of Civil Procedure 4(e), service upon an individual defendant may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is effected.  See Fed. R. Civ. P. 4(e)(1).  Service by publication is permissible under California law in certain circumstances: "(a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action."  Cal. Civ. Proc. Code § 415.50(a).

"In determining whether a plaintiff has exercised 'reasonable diligence' for purposes of § 415.50(a), a court must examine the affidavit required by the statute to see whether the plaintiff 'took those steps a reasonable person who truly desired to give notice would have taken under the circumstances.'"  Duarte v. Freeland, C-05-2780 EMC, 2008 WL 683427, at *1 (N.D. Cal. Mar. 7, 2008) (quoting Donel, Inc. v. Badalian, 87 Cal. App. 3d 327, 333 (1978); see also Watts v. Crawford, 10 Cal. 4th 743, 749 n.5 (1995) ("The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney.")).  Due process concerns mandate that service by publication is appropriate "only as a last resort."  Donel, Inc., 87 Cal. App. 3d at 327; see also Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (discussing due process and notice to a party).  "'Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice.'"

///

///

5

Watts, 10 Cal. 4th at 749.  "The fact that a plaintiff has taken one or a few reasonable steps does not necessarily mean that 'all myriad . . . avenues' have been properly exhausted to warrant service by publication."  Duarte, 2008 WL 683427, at *1 (quoting Donel, 87 Cal . App. 3d at 333).  The 'reasonable diligence' requirement exists because "it is generally recognized that service by publication rarely results in actual notice."  Watts, 10 Cal. 4th at 749 n.5 (internal citations omitted).  Accordingly, a plaintiff that fails to take exhaustive measures to locate a party to be served cannot establish reasonable diligence.  Id. (internal citations omitted).

## ANALYSIS

### A. Plaintiffs Have Not Established Reasonable Diligence

Plaintiffs seek the Court's permission to serve Defendant Decker by publication rather than by other means such as personal service, on the grounds that he is an undercover roving agent and thus it is impossible for Plaintiffs to locate him.  As set forth above, "[i]n determining whether a plaintiff has exercised 'reasonable diligence' for purposes of § 415.50(a), a court must examine the affidavit required by the statute to see whether the plaintiff 'took those steps a reasonable person who truly desired to give notice would have taken under the circumstances.'"  Duarte, 2008 WL 683427, at *1 (quoting Donel, Inc., 87 Cal. App. 3d at 333; see also Watts, 10 Cal. 4th at 749 n.5 ("The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney.")).

> The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney.  A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information,

and consequently must be searched before resorting to service by publication.

McNamara v. Lee, 11CV1344 BTM WMC, 2011 WL 4635618, at *2 (S.D. Cal. Oct. 5, 2011) (quoting Kott v. Sup. Ct., 45 Cal. App. 4th 1126, 1137 (1996)).

In Donel, a Hawaiian corporation, Donel, failed to establish reasonable diligence justifying service by publication.[6] 87 Cal. App. 327. In that case, Donel's only act of diligence in searching for a missing defendant involved a single search of telephone directories. Id. at 333. The Donel Court stated that "[c]ertainly such a search is one reasonable step to be taken but it does not exhaust the myriad of other avenues, such as city directories and tax tolls, to name two, for locating persons." Id. Similarly, in Kott, the plaintiff neglected to pursue other available avenues of inquiry such as serving interrogatories on codefendants who had already been served and were properly before that court. 45 Cal. App. 4th at 1139. This neglect by the plaintiff contributed to the Court's finding that the plaintiff had not acted with reasonable diligence. Id.

The above instances stand in stark contrast to California cases that approved service by publication. For example, in Vorburg v. Vorburg, the California Supreme Court upheld a default judgment, made possible by service by publication, when the affidavit by plaintiff's counsel showed that counsel had unsuccessfully (1) examined both city directories and separate telephone directories, (2) contacted the local district attorney's office, and (3) spoken with the defendant's previous attorney, according to whom the defendant had left the state without notice of his new whereabouts. 18 Cal. 2d 794, 795-97 (1941).

///

///

---

[6] Though Donel relied on a Hawaii statute, the Court compared Hawaii law to that of California and clarified that "[a]s required by notions of fair play and justice embodied in the concept of due process of law, both statutes require an exercise of reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication." Id. at 332. Indeed, California courts have since cited Donel in cases directly involving application of section 415.50. See, e.g., Watts, 10 Cal. 4th at 749 (summarizing the standard for service by publication under section 415.50).

In this case, while Plaintiffs' actions in contacting ATF's San Francisco and Washington, D.C. offices are not blatantly insufficient, neither have Plaintiffs demonstrated that they exhausted the myriad of other avenues available to locate Defendant Decker.  Notably, Plaintiffs have failed to inspect public records and serve interrogatories on Decker's codefendants who have already been served and are properly before the Court.  As such, Plaintiffs have failed to convince the Court that they have exhausted available means to find and serve Defendant Decker.

It is of no small import that California law permits service by publication only as a last resort. Thus, despite the Government's efforts to locate Defendant Decker, the availability of other unexhausted means through which to locate the absent Defendant precludes a finding of reasonable diligence.

### B. Plaintiffs Have Not Established the Existence of a Valid Cause of Action Against Defendant Decker

Section 415.50(a)(1) requires the plaintiff to provide independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant.  Harris v. Cavasso, 68 Cal. App. 3d 723, 726 (1977).  Plaintiffs provide no such independent evidentiary support.  While Plaintiffs state that they allege five causes of action in their complaint (ECF No. 23 at 2), Plaintiffs do not offer a sworn statement of facts to establish the existence of a valid cause of action against Defendant Decker.  Plaintiffs' failure in this respect likewise precludes the Court from finding that service by publication is appropriate at this time.

///
///
///
///
///
///

**CONCLUSION**

Accordingly, the Motion for Request for Order Permitting Service of Summons and Complaint by Publication as to Defendant Steven Decker is DENIED without prejudice.

IT IS SO ORDERED.

Dated: November 21, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE