UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NHIA KAO VANG, et al., | No. 2:12-cv-01226-MCE-AC |
| Plaintiffs, | |
| v. | **ORDER** |
| STEVEN DECKER, et al., | |
| Defendants. | |

On April 8, 2013, this Court granted Defendants' Motion to Dismiss, dismissed each of Plaintiffs claims with prejudice, and directed the Clerk to close this action. ECF No. 38. Plaintiffs appealed to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit recently affirmed this Court's disposition with the exception of the dismissal of Plaintiff's malicious prosecution claims. Vang v. Decker, 807 F. App'x 728 (9th Cir. 2015).

In reversing and remanding this Court's dismissal of those claims, the Ninth Circuit explained that malicious prosecution claims in California require that the plaintiff prove, inter alia, that the prosecution terminated in his or her favor. Id. at 729. The Ninth Circuit elaborated:

///

///

> In order for a plaintiff to prove that the prosecution terminated in his favor, he must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence.  A dismissal in the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant.  Further, when such a dismissal is procured as the result of a motion by the prosecutor and there are allegations that the prior proceedings were instituted as the result of fraudulent conduct, <u>a malicious prosecution plaintiff is not precluded from maintaining his action unless the defendants can establish that the charges were withdrawn on the basis of a compromise among the parties or for a cause that was not inconsistent with his guilt.</u>

Id. (citations and internal formatting omitted).

Applying that law to the facts of this case, the Ninth Circuit found that the criminal prosecution of Plaintiffs was dismissed in the interests of justice, and that Plaintiffs had alleged fraudulent conduct in the underlying criminal prosecution.  Such allegations "shifted the burden to the Defendants to show that the proceedings did not terminate as a result of Plaintiffs' innocence."  Id.  The Ninth Circuit remanded the case with instructions for this Court to "shift the burden to Defendants . . . ."  Id. at 730.

Neither Defendants' Motion to Dismiss (ECF No. 32) nor Defendants' Reply to Plaintiff's Opposition (ECF No. 36) address the issue on which the Ninth Circuit has remanded this case.  Therefore, IT IS HEREBY ORDERED that, within fourteen (14) days of the date this Order is electronically filed, Defendants shall file a brief addressing whether the charges against Plaintiffs were withdrawn on the basis of a compromise among the parties or for a cause that was not inconsistent with Plaintiffs' guilt.  Plaintiffs may file a reply to Defendants' brief not later than ten (10) days after the filing of Defendants' brief.  Neither filing, including all exhibits and declarations, shall exceed ten (10) pages.

///
///
///
///

Additionally, Plaintiffs have filed in this Court a "request that the Ninth Circuit Court of Appeals publish its recent decision in this case . . . ." ECF No. 46. Because this Court does not have the authority to grant such a request, Plaintiffs' request is DENIED.

IT IS SO ORDERED.

Dated: August 20, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT