UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NHIA KAO VANG, et al., | No. 2:12-cv-01226-MCE-AC |
| Plaintiffs, | |
| v. | **ORDER** |
| STEVEN DECKER, et al., | |
| Defendants. | |

On April 8, 2013, this Court granted Defendants' Motion to Dismiss, dismissed each of Plaintiffs' claims with prejudice, and directed the Clerk of the Court to close this action. ECF No. 38. Plaintiffs timely appealed to the United States Court of Appeals for the Ninth Circuit, a panel of which subsequently affirmed this Court's disposition with the exception of the dismissal of Plaintiffs' malicious prosecution claims. <u>Vang v. Decker</u>, 607 F. App'x 728 (9th Cir. 2015). For the following reasons, those claims are again DISMISSED.

///
///
///
///
///

1

The Ninth Circuit's decision explained that malicious prosecution claims in California require, inter alia, proof that the prosecution terminated in the plaintiff's favor. Id. at 729. The Ninth Circuit elaborated:

> In order for a plaintiff to prove that the prosecution terminated in his favor, he must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence. A dismissal in the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant. Further, when such a dismissal is procured as the result of a motion by the prosecutor and there are allegations that the prior proceedings were instituted as the result of fraudulent conduct, <u>a malicious prosecution plaintiff is not precluded from maintaining his action unless the defendants can establish that the charges were withdrawn on the basis of a compromise among the parties or for a cause that was not inconsistent with his guilt</u>.

Id. (citations and internal formatting omitted).

Applying that law to the facts of this case, the appellate court found that the Government dismissed the criminal case against Plaintiffs in the interests of justice and that Plaintiffs had alleged fraudulent conduct in the underlying criminal prosecution. Such allegations "shifted the burden to the Defendants to show that the proceedings did not terminate as a result of Plaintiffs' innocence." Id. The remand order thus instructs this Court to "shift the burden to Defendants . . . ." Id. at 730.

As a result, the question currently before this Court is whether Defendants have carried their burden to show that the criminal proceedings against Plaintiffs did not terminate as a result of Plaintiffs' innocence. At the Court's behest, Defendants briefed the issue and submitted a declaration from United States Attorney Benjamin B. Wagner. ECF Nos. 48-49. Having reviewed Defendants' filings, the Court finds that the criminal charges against Plaintiffs were withdrawn "for a cause that was not inconsistent with [Plaintiffs'] guilt."[1]

///

---

[1] Defendants concede that the criminal charges were not withdrawn on the basis of a compromise among the parties. See Wagner Decl., ECF No. 49-1, at ¶ 13.

More specifically, Wagner avers that although there was both probable cause and sufficient evidence to prosecute Plaintiffs, the decision to dismiss the charges was based on a "cost-benefit analysis." Wagner Decl., ECF No. 49-1, at ¶¶ 9, 11, 12.  On the "cost" side, Wagner identifies the following considerations:  (1) a series of adverse rulings suggested that the presiding judge was "markedly hostile to the government's case"; (2) the presiding judge scheduled up to two weeks of evidentiary hearings related to Plaintiffs' motions to dismiss and motions to suppress evidence; (3) an undercover agent that was "a critical witness for the prosecution" had never before testified in a contested court hearing or trial; (4) prosecutors and agents had violated the terms of a search warrant, an error that "created a risk of suppression" of evidence; (5) the government "faced a fiercely contested trial against numerous defendants and considerable litigation on evidentiary issues"; and (6) the prosecution would have required the efforts, over the course of several years, of three Assistant United States Attorneys from the Eastern District of California, two trial attorneys from the Department of Justice's National Security Division, and several agents and translators.  Id. at ¶¶ 4-7, 9.  Potential "benefits," on the other hand, were uncertain because Wagner suspected that even if the government prevailed at trial, "the court was very likely to impose minimal sentences on convicted defendants." Id. at ¶ 8.  Wagner thus concluded that "the benefits of further prosecution were outweighed by the costs and risks," and he therefore recommended the dismissal of the criminal prosecution.  Id. at ¶¶ 3, 9.

The Court is convinced that the Government did not dismiss the criminal prosecution because Plaintiffs were innocent.  Rather, the decision to terminate the criminal proceedings appears to have been based on two general concerns:  that the Government might not prevail in the criminal action and, that even if the Government did prevail, the convictions and potentially "minimal sentences" might not justify the expenditure of resources.  Neither of those concerns, however, is inconsistent with Plaintiff's guilt.  Indeed, according to Wagner, probable cause and evidence supported

///

1 | all of the criminal charges, even when the Government moved for dismissal of the
2 | criminal proceedings.
3 |      Because Defendants have carried their burden to show that the criminal
4 | proceedings did not terminate as a result of Plaintiffs' innocence, Plaintiffs' malicious
5 | prosecution claims are DISMISSED.  Furthermore, because any amendment of those
6 | claims would be futile, the dismissal is without leave to amend.  There being no further
7 | claims on which this action may proceed, Plaintiffs' two pending motions (ECF Nos. 50,
8 | 51) are DENIED as moot, and the motion hearing scheduled for February 25, 2016 is
9 | VACATED.  This action shall remain closed.
10 |      IT IS SO ORDERED.
11 | Dated:  February 22, 2016

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT